**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION**

| | |
|---|---|
| ARRIE ALLEN, A.A., a minor, by and through her Next Friend, A.A., a minor, by and through her Next Friend, A.A., a minor, by and through her Next Friend, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 3:18-cv-781 |
| CITY OF MARION, ILLINOIS, THOMAS WARREN, *in his individual capacity*, DANIEL OGDEN, *in his individual capacity*, CHRISTOPHER RAMAGE, *in his individual capacity* and BART BALDWIN, *in his individual capacity*, JUSTIN DWYER, *in his individual capacity*, ) ) ) ) ) ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. ) | |

**PLAINTIFFS' COMPLAINT**

COMES NOW Plaintiffs Arrie Allen, A.A., A.A. and A.A, by and through their attorney, Plaintiffs A.A., A.A. and A.A., by and through their Next Friend, Arrie Allen, (hereinafter the "Plaintiffs") and for their Complaint against Defendant City of Marion, Illinois (hereinafter "Defendant Marion"), Defendant Thomas Warren (hereinafter "Defendant Warren"), Defendant Daniel Ogden (hereinafter "Defendant Ogden"), Defendant Christopher Ramage (hereinafter "Defendant Ramage"), Defendant Bart Baldwin (hereinafter "Defendant Baldwin") and Defendant Justin Dwyer (hereinafter "Defendant Dwyer") and respectfully states to this Honorable Court the following:

1. This is a civil action arising under 42 U.S.C. § 1983 and common law avenues of recovery for deprivations of civil rights against the Defendants.

2. Plaintiffs sue Defendant Warren in his individual capacity.

3. Plaintiffs sue Defendant Ogden in his individual capacity.

4. Plaintiffs sue Defendant Ramage in his individual capacity.

5. Plaintiffs sue Defendant Baldwin in his individual capacity.

6. Plaintiffs sue Defendant Dwyer in his individual capacity.

7. Plaintiffs bring this suit for the injuries sustained as a result of the Constitutional violations as alleged herein.

8. Defendant Marion is a political subdivision of the State of Illinois and is a person for purposes of a 42 U.S.C. § 1983 action of damages.

9. Defendant Warren, at all times relevant herein, was a City of Marion police officer working under the direction and control of Defendant Marion County.

10. Defendant Ogden, at all times relevant herein, was a City of Marion police officer working under the direction and control of Defendant Marion County.

11. Defendant Ramage, at all times relevant herein, was a City of Marion police officer working under the direction and control of Defendant Marion County.

12. Defendant Baldwin, at all times relevant herein, was a City of Marion police officer working under the direction and control of Defendant Marion County.

13. Defendant Dwyer, at all times relevant herein, was a City of Marion police officer working under the direction and control of Defendant Marion County.

## JURISDICTION

14. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1343(a)(3).

## VENUE

15. Venue is proper under 28 U.S.C. § 1391(b)(2) as the incident subject to this case occurred in Marion, Illinois in this Southern District of Illinois.

## COLOR OF STATE LAW

16. At all relevant times, Defendant Warren acted under color of state law.

17. Particularly, Defendant Warren acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Illinois, and its political subdivisions.

18. At all relevant times, Defendant Ogden acted under color of state law.

19. Particularly, Defendant Ogden acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Illinois, and its political subdivisions.

20. At all relevant times, Defendant Ramage acted under color of state law.

21. Particularly, Defendant Ramage acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Illinois, and its political subdivisions.

22. At all relevant times, Defendant Baldwin acted under color of state law.

23. Particularly, Defendant Baldwin acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Illinois, and its political subdivisions.

24. At all relevant times, Defendant Dwyer acted under color of state law.

25. Particularly, Defendant Dwyer acted under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of Illinois, and its political subdivisions.

## FACTUAL BACKGROUND

26. On June 28, 2017, in the early morning hours just after 4:00 a.m., the Marion Police Department Narcotics Unit (hereinafter the "MPDNU") executed a "no-knock" search warrant at

the residence of 1010 Midway Court, Marion, IL (hereinafter the "Midway Court residence") in Williamson County, Illinois.

27. The Midway Court residence was legally occupied by Plaintiff Arrie Allen (hereinafter "Plaintiff Allen").

28. The Midway Court residence is a single family, ranch style home.

29. The Midway Court residence has 3 bedrooms and 2 bathrooms, with a bathroom also in the garage.

30. At the time of the incident subject to this case, June 28, 2017, Plaintiff Allen was under a yearly lease agreement with the owner of the Midway Court residence owner.

31. Plaintiff Allen had been living at the Midway Court residence continuously since January of 2013.

32. On June 28, 2017, Plaintiff Allen lived at the Midway Court residence with her daughters, A.A., A.A. and A.A.

33. On June 28, 2017, Plaintiffs daughters were ages 6, 4 and 4 months.

34. Reggie Cavitt ("Cavitt") was the target of the MPDNU investigation and search warrant.

35. Cavitt is the father of Plaintiff Allen's 2 two youngest daughters.

36. On June 28, 2017, Plaintiff Allen and Cavitt were not in an intimate relationship.

37. On June 28, 2017, Plaintiff Allen had a large 3-piece sectional couch in the living room of the Midway Court residence.

# COUNT I

### VIOLATION OF CIVIL RIGHTS – EXCESSIVE FORCE
### 42 U.S.C. § 1983 AND FOURTH AMENDMENT
### AGAINST DEFENDANT THOMAS WARREN, DEFENDANT DANIEL OGDEN, DEFENDANT CHRISTOPHER RAMAGE, DEFENDANT BART BALDWIN AND DEFENDANT JUSTIN DWYER
### FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES AND ATTORNEY'S FEES

38. Plaintiff re-alleges all of the preceding paragraphs as if set forth fully herein.

39. On June 28, 2017, in the early morning hours just after 4:00 a.m., the MPDNU, entered the Midway Court residence using "flash bang" grenades.

40. On June 28, 2017, Defendant Warren attached a flash bang grenade to the end of a pole[1].

41. Defendant Warren broke the front picture window of the Midway Court residence.

42. Defendant Warren put the pole through the front picture window of the Midway Court residence and detonated the flash bang grenade inside of the Midway Court residence.

43. As Defendant Warren detonated the flash bang grenade in the Midway Court residence, the MPDNU busted open the front door of the Midway Court residence.

44. After the front door was open, Defendant Ogden entered the Midway Court residence and threw two flash bang grenades.

45. At the time of the incident, Cavitt was sleeping in the master bedroom, not near the location where the flash bang grenades detonated.

46. At the time of the incident, Plaintiffs were sleeping in the living room of the Midway Court residence on the couch.

---

[1] All factual allegations in this Count I occurred on June 28, 2017, in the early morning hours just after 4:00 a.m.

47. One flash bang grenade landed on the couch near Plaintiff Allen's youngest daughter, A.A. who was just 4 months old.

48. One flash bang grenade hit Plaintiff Allen in the chest.

49. After the flash bang grenades detonated, Plaintiff Allen was in excruciating pain to her ears and had difficulty seeing because of smoke in the air from the flash bang grenades.

50. Plaintiff Allen's youngest daughter, A.A., suffered a laceration to her face, was bleeding all over her face and screaming and crying.

51. Plaintiffs daughters A.A. and A.A. were screaming and crying and holding their ears because of excruciating pain to them.

52. Defendant Ramage, Defendant Baldwin and Defendant Dwyer organized the execution of the search warrant and ordered Defendant Warren and Defendant Ogden to detonate the flash bang grenades in the Midway Court residence.

53. Defendant Warren, Defendant Ogden Defendant Ramage, Defendant Baldwin and Defendant Dwyer knew the effects of flash bang grenades after they detonate.

54. Defendant Warren, Defendant Ogden Defendant Ramage, Defendant Baldwin and Defendant Dwyer knew Plaintiffs were in the Midway Court residence sleeping at the time they deployed and detonated the flash bang grenades in the Midway Court residence.

55. The right to be free from excessive force from flash bang grenades is clearly established[2].

56. Defendant Ramage, Defendant Baldwin and Defendant Dwyer are liable for the force used as described herein by their ordering Defendant Warren and Defendant Ogden to

---

[2] Milan v. Bolin, 795 F.3d 726 (7th Cir. 2015).

6

detonate the flash bang grenades in the Midway Court residence where they knew Plaintiffs were sleeping[3].

57. At the time of the use of force by Defendant Warren, Defendant Ogden Defendant Ramage, Defendant Baldwin and Defendant Dwyer, Plaintiffs had not committed a serious crime[4].

58. At the time of the use of force by Defendant Warren, Defendant Ogden Defendant Ramage, Defendant Baldwin and Defendant Dwyer, Plaintiffs were not actively resisting arrest[5].

59. At the time of the use of excessive force by Defendant Warren, Defendant Ogden Defendant Ramage, Defendant Baldwin and Defendant Dwyer, Plaintiffs were not attempting to evade arrest by flight[6].

60. Defendant Warren, Defendant Ogden Defendant Ramage, Defendant Baldwin and Defendant Dwyer used greater force than was necessary in light of the facts and circumstances confronting him[7].

61. Defendant Warren, Defendant Ogden Defendant Ramage, Defendant Baldwin and Defendant Dwyer acted in a manner which was objectively unreasonable.

62. A reasonable officer, without the benefit of 20/20 hindsight, would not have used such force under similar circumstances[8].

63. The actions of Defendant Warren, Defendant Ogden Defendant Ramage, Defendant Baldwin and Defendant Dwyer violated Plaintiffs' civil rights under the Fourth Amendment and under 42 U.S.C. § 1983, particularly including, his right to be safe from the use of excessive force.

---

[3] Terebesi v. Torreso, 764 F.3d 217 (2d Cir. 2014).
[4] Weinmann v. McClone, 787 F.3d 444 (7th Cir. 2015).
[5] Id.
[6] Cyrus v. Town of Mukwonago, 624 F.3d 856 (7th Cir. 2010).
[7] Payne v. Pauley, 337 F.3d 767 (7th Cir. 2003).
[8] Estate of Phillips v. City of Milwaukee, 123 F.3d 586 (7th Cir. 1997).

### Compensatory Damages

64. Under 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against Defendant Warren, Defendant Ogden Defendant Ramage, Defendant Baldwin and Defendant Dwyer.

65. The Defendants are each jointly and severally liable for all damages assessed against them in this action[9].

### Punitive Damages

66. Defendant Warren, Defendant Ogden Defendant Ramage, Defendant Baldwin and Defendant Dwyer's actions against Plaintiffs were reckless.

67. Defendant Warren, Defendant Ogden Defendant Ramage, Defendant Baldwin and Defendant Dwyer's actions against Plaintiffs showed callous indifference toward the rights of Plaintiffs.

68. Defendant Warren, Defendant Ogden Defendant Ramage, Defendant Baldwin and Defendant Dwyer's actions against Plaintiffs were taken in the face of a perceived risk that the actions would violate federal law.

69. Plaintiffs are entitled to an award of punitive damages against Defendant Warren, Defendant Ogden Defendant Ramage, Defendant Baldwin and Defendant Dwyer in order to punish them and to deter others.

70. The Defendants are each jointly and severally liable for all damages assessed against them in this action[10].

---

[9] Edmonds v. Compagnie Generale Transatlantique, 443 U.S. 256 (1979); Skrtich v. Thornton, 280 F.3d 1295, 1302 (11th Cir. 2002); Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000); Simpson v. Hines, 903 F.2d 400, 403 (5th Cir. 1990); Rutherford v. City of Berkeley, 780 F.2d 1444, 1448 (9th Cir. 1986); Carhart v. Stenberg, 192 F.3d 1142, 1152 (8th Cir. 1999) (*fees specific*).

[10] Id.

### Attorney's Fees

71. Under 42 U.S.C. § 1988, if Plaintiffs are the prevailing parties in this litigation, then they will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

72. The Defendants are each jointly and severally liable for all attorney's fees assessed against them in this action[11].

WHEREFORE, Plaintiffs pray for judgment under 42 U.S.C. § 1983 and 1988 against Defendant Thomas Warren, Defendant Daniel Ogden, Defendant Christopher Ramage, Defendant Bart Baldwin and Defendant Justin Dwyer in their individual capacity for compensatory damages in a fair and reasonable amount, for punitive damages, for reasonable attorney's fees, for and non-taxable expenses, for costs, and Plaintiffs pray for such other relief as may be just under the circumstances.

### COUNT II

### VIOLATION OF CIVIL RIGHTS
### 42 U.S.C. § 1983 AND FOURTEENTH AMENDMENT
### AGAINST DEFENDANT CITY OF MARION, ILLINOIS
### FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES

73. Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

### Failure to Train

74. Prior to June 28, 2017, Defendant Marion trained Defendant Warren, Defendant Ogden Defendant Ramage, Defendant Baldwin and Defendant Dwyer on the use of flash bomb grenades.

---

[11] Id.

75.     Defendant Marion's training Defendant Warren, Defendant Ogden Defendant Ramage, Defendant Baldwin and Defendant Dwyer on the use of flash bomb grenades was deficient in regards to the situation encountered at the Midway Court residence.

76.     Defendant Marion was deliberately indifferent to the rights of others in adopting its training practices, and in failing to properly train Defendant Warren, Defendant Ogden Defendant Ramage, Defendant Baldwin and Defendant Dwyer, such that those failures reflected a deliberate or conscious choice by Defendant Marion[12].

77.     The training deficiencies occurred prior to the incident subject to this case and caused Plaintiffs damages as set forth herein.

78.     In light of the fact that it was Defendant Warren, Defendant Ogden Defendant Ramage, Defendant Baldwin and Defendant Dwyer who engaged in the Constitutional violations, the need to correct deficiencies was so obvious, and the inadequacy so likely to result in the violation of Constitutional rights, that the policymakers of Defendant Marion can reasonably be said to have been deliberately indifferent to the need.

79.     If Defendant Marion had properly trained Defendant Warren, Defendant Ogden Defendant Ramage, Defendant Baldwin and Defendant Dwyer on the use of flash bomb grenades, the Constitutional violations committed by Defendant Warren, Defendant Ogden Defendant Ramage, Defendant Baldwin and Defendant Dwyer would not have occurred.

80.     These failures by Defendant Marion to train Defendant Warren, Defendant Ogden Defendant Ramage, Defendant Baldwin and Defendant Dwyer on the use of flash bomb grenades subject Defendant Marion to liability for the Constitutional violations committed by Defendant Warren, Defendant Ogden Defendant Ramage, Defendant Baldwin and Defendant Dwyer.

---

[12] City of Canton v. Harris, 489 U.S. 378, 389 (1989).

### Compensatory Damages

81. Under 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against Defendant Marion.

### Attorney's Fees

82. Under 42 U.S.C. § 1988, if Plaintiffs are the prevailing party in this litigation, then they will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiffs pray for judgment under 42 U.S.C. § 1983 and 1988 against Defendant City of Marion, Illinois for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

### COUNT III

### VIOLATION OF CIVIL RIGHTS
### 42 U.S.C. § 1983, *RESPONDEAT SUPERIOR* AGAINST
### DEFENDANT CITY OF MARION, ILLINOIS
### FOR COMPENSATORY DAMAGES AND ATTORNEY'S FEES

83. Plaintiffs re-allege all of the preceding paragraphs as if set forth fully herein.

84. At all relevant times Defendant Warren was serving as an employee of Defendant Marion as a police officer.

85. At all relevant times Defendant Warren was engaging in a government function.

86. At all relevant times Defendant Warren was acting within the course and scope of that employment.

87. At all relevant times Defendant Ogden was serving as an employee of Defendant Marion as a police officer.

88. At all relevant times Defendant Ogden was engaging in a government function.

89. At all relevant times Defendant Ogden was acting within the course and scope of that employment.

90. At all relevant times Defendant Ramage was serving as an employee of Defendant Marion as a police officer.

91. At all relevant times Defendant Ramage was engaging in a government function.

92. At all relevant times Defendant Ramage was acting within the course and scope of that employment.

93. At all relevant times Defendant Baldwin was serving as an employee of Defendant Marion as a police officer.

94. At all relevant times Defendant Baldwin was engaging in a government function.

95. At all relevant times Defendant Baldwin was acting within the course and scope of that employment.

96. At all relevant times Defendant Dwyer was serving as an employee of Defendant Marion as a police officer.

97. At all relevant times Defendant Dwyer was engaging in a government function.

98. At all relevant times Defendant Dwyer was acting within the course and scope of that employment.

99. The actions of Defendant Warren caused Plaintiffs to suffer the damages outlined herein.

100. The actions of Defendant Ogden caused Plaintiffs to suffer the damages outlined herein.

101. The actions of Defendant Ramage caused Plaintiffs to suffer the damages outlined herein.

102. The actions of Defendant Baldwin caused Plaintiffs to suffer the damages outlined herein.

103. The actions of Defendant Dwyer caused Plaintiffs to suffer the damages outlined herein.

104. Defendant Marion is liable under a theory of *respondeat superior*[13].

## Compensatory Damages

105. Under 42 U.S.C. § 1983, Plaintiffs are entitled to an award of compensatory damages against Defendant Marion.

## Attorney's Fees

106. Under 42 U.S.C. § 1988, if Plaintiffs are the prevailing parties in this litigation, then they will be entitled to receive an award of reasonable attorney's fees, non-taxable expenses and costs.

WHEREFORE, Plaintiffs pray for judgment under 42 U.S.C. § 1983 and 1988 against Defendant City of Marion, Illinois for compensatory damages in a fair and reasonable amount, for reasonable attorney's fees, and non-taxable expenses, for costs and such other relief as may be just under the circumstances and consistent with the purpose of 42 U.S.C. § 1983.

---

[13] Plaintiffs make this claim based on the dissent of Justice Breyer in Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 416, 117 S. Ct. 1382, 1394, 137 L. Ed. 2d 626 (1997).

Respectfully submitted,

SCHOTTEL & ASSOCIATES, P.C.

BY: s/*James W. Schottel, Jr.*
James W. Schottel, Jr.   #51285MO
906 Olive St., PH
St. Louis, MO 63101
(314) 421-0350
(314) 421-4060 facsimile
jwsj@schotteljustice.com

Attorney for Plaintiffs
Arrie Allen
A.A.
A.A.
A.A.